UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| XAVIER GUTIERREZ | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 5:17-CV-00578 |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
| *Defendant,* | § | |

## DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant, Allstate Insurance Company's ("Allstate"), hereby removes this lawsuit which is currently pending in the 285th Judicial District Court in Bexar County, Texas, Cause No. 2017CI08092, to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1332. In support, Allstate would respectfully show the Court as follows:

### I. Introduction

1. This lawsuit arises out of an insurance claim for hail damage to a residential property owned by Plaintiff Xavier Gutierrez. Allstate removes this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the proper parties.

### II. Background

2. On May 23, 2017, Plaintiff filed his Original Petition styled *Xavier Gutierrez v. Allstate Insurance Company,* in the District Court of the 37th Judicial District of Bexar County, Texas, Cause No. 2017CI09424.[1] In it he brings causes of action against Allstate Insurance Company based on a homeowner's insurance policy issued by Allstate Fire and Casualty Insurance

---

[1] *See* Exhibit A; *see also* Exhibit B (State Court's Register of Action).

Company. Plaintiff served Defendant on June 5, 2017, by certified mail through Defendant's registered agent, CT Corporation System.[2]

3.    Defendant filed its answer to the suit on June 26, 2017, generally denying all claims.[3]

### III. Jurisdiction

4.    This Court has original jurisdiction based on 28 U.S.C. § 1332 and this suit is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

### *The Proper Parties are Diverse*

    a.  *Plaintiffs' Citizenship*

5.    A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence, with the intent to remain there indefinitely.[4]

6.    Here, Plaintiff's pleading asserts that he is a resident of Bexar County, Texas.[5]  Plaintiff has not pled any other facts of their residency, intention to leave Texas, or domiciles in other states.[6]  Accordingly, Defendant asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas.

    b.  *Defendant Allstate Insurance Company Citizenship*

7.    As to Allstate, a corporation is considered a citizen of (1) every U.S. state and foreign state where it is incorporated, and (2) the U.S. state or foreign state where it has its principal place of business.[7]  Allstate is and has been a foreign corporation incorporated under the laws of the State of Illinois and with its principal place of business is in Cook County, Illinois, located at

---

[2] *See* Exhibit C (CT Corp's receipt of service).
[3] Exhibit D (Original Answer).
[4] *See Freeman v. Northwest Acceptance Corp.,* 754 F.2d 553, 555 (5th Cir. 1985).
[5] *See* Exhibit A at ¶ 2.
[6] *Id.*
[7] 28 U.S.C. § 1332(c)(1).

2775 Sanders Road, Northbrook, Illinois 60062 since before May 23, 2017, the date Plaintiff initiated his State Court Action.   Accordingly, Allstate is a citizen of Illinois for purposes of diversity.[8]

8.      Plaintiff has improperly joined or misjoined, Allstate Insurance Company in this lawsuit. The homeowner's insurance policy under which Plaintiff brings this lawsuit was issued by Allstate Fire and Casualty Insurance Company.[9] Allstate Fire and Casualty Insurance Company is a citizen of the State of Illinois and with its principal place of business is in Northbrook, Cook County, Illinois for purposes of diversity.[10]

### *Amount in Controversy is Above the Jurisdictional Threshold*

9.      The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[11] The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."[12] If a plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount of $75,000.00 (excluding interest and costs), the defendant can rely on that demand to meet the jurisdictional requirement.[13]

10.     Here, Plaintiff's pleading includes a "Claim for Relief" which states, in relevant part, as follows:

---

[8] *Id.*
[9] *See* Exhibit E
[10] 28 U.S.C. § 1332(c)(1).
[11] *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002).
[12] *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).
[13] *See S.W.S. Erectors Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996).

> . . . Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, in excess of $200,000.00 but less than $1,000,000.00.

Exhibit A at ¶ 60. As Defendant can rely on such a demand in a pleading, the jurisdictional amount is established on the face of the petition, making removal proper.

11.     Further, on April 26, 2017, Plaintiff sent a demand letter to Allstate seeking $1,148,193.84. Of that amount, $284,548.46 represented economic damages, while the remainder represented penalty awards, interest and attorney's fees. [14]

12.     Accordingly, since it is facially apparent that the claim made basis of this suit clearly exceeds the jurisdictional limits of $75,000.00, as established by the objective, competent evidence, this Court has original jurisdiction, and removal is proper.

## IV. The Removal is Procedurally Correct

13.     This Notice of Removal is timely filed within thirty (30) days after receiving Plaintiff's Original Petition and summons making the case removable.[15]

14.     Venue is proper in this Court under 28 U.S.C. § 1441(a) because this District and Division of this Court embraces Bexar County, Texas, the place where the State Court suit was filed.

15.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

16.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Allstate will give written notice of the removal to Plaintiff through her attorney of record and to the clerk of the 37th Judicial District Court of Bexar County, Texas.

---

[14] *See* Exhibit F (Plaintiff's pre-suit demand letter)
[15]    *See* 28 U.S.C. § 1446(b).

## V. Conclusion

WHEREFORE, based upon the foregoing, Defendant Allstate Insurance Company requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO, ATTORNEYS AT LAW, P.C.**
Plaza Las Campanas
1826 N. Loop 1604 W, Ste. 275
San Antonio, Texas 78248
Phone: 210–598–8686
Fax: 210–598–8797

**Robert E. Valdez**
Attorney-in-Charge
State Bar No. 20428100
revaldez@valdeztrevino.com
**Christopher M. Karl**
Of Counsel
State Bar No. 24070035
ckarl@valdeztrevino.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all parties of record by electronic service on _29th_ day of _June_ , 2017:

Chidi Oha                                         ***Via E-service and Email***
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
***Counsel for Plaintiff Xavier Gutierrez***

James M. McClenny                                 ***Via E-service and Email***
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
***Counsel for Plaintiff Xavier Gutierrez***

J. Zachary Moseley                                ***Via E-service and Email***
McClenny Moseley & Associates, PLLC
411 N. Sam Houston Parkway E., Suite 200
Houston, Texas 77060
***Counsel for Plaintiff Xavier Gutierrez***

**Christopher M. Karl**